**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

UNITED STATES OF AMERICA

v.                                                           CRIMINAL ACTION NO.   3:11-00065
                                                                                                        3:19-00180

QUENTIN J. PARKER

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Mr. Parker's letter-form Motion for Compassionate Release. ECF No. 38. For the following reasons, Mr. Parker's Motion is **DENIED**. ECF No. 38

**DISCUSSION**

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended Section 3582 and enabled courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. But before defendants may request such a reduction, defendants must ask the Bureau of Prisons (BOP) to do so on their behalf. *See* 18 U.S.C. § 3582(c)(1)(A). If the BOP denies the defendant's request or does not respond within 30 days, the defendant may file a motion before the court. *Id.*

Here, Mr. Parker has not demonstrated that he exhausted his administrative remedies. Before a criminal defendant can request compassionate relief, they must first make such a request before the BOP. *See id.*; *United States v. Thompson*, 458 F. Supp. 3d 482, 483–84 (S.D.W. Va. 2020). Even in the context of COVID-19, courts have found that a defendant's failure to exhaust administrative remedies precludes a district court from considering the merits of a defendant's motion for compassionate release. *Thompson*, 458 F. Supp. 3d at 484.

As Mr. Parker has submitted no evidence showing that he made his request for compassionate relief to the BOP before making this Motion before the Court, this Motion is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to Defendant, counsel of record, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER: January 14, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE